1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

MARIO H. RIVAS PINEDA,

                Petitioner,

    v.

A.  NEIL CLARK, Field Office Director, U.S.
Immigration and Customs Enforcement, *et al*.,

              Respondents.

CASE NO. C10-390-RAJ-JPD

REPORT AND
RECOMMENDATION

## I.     INRODUCTION AND SUMMARY CONCLUSION

Petitioner Mario H. Rivas Pineda, proceeding through counsel, has filed a Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which seeks to "prevent his unlawful

removal" from the United States, and "to provide him with a meaningful review of his

immigration case." (Dkt. No. 4.)  Petitioner alleges that he "never has had the opportunity for

his day in court and has never been represented by counsel." *Id* at 3.  He asserts that he was

ordered removed *in absentia*, but did not receive notice of his removal proceedings until fifteen

days after his hearing date. *Id*.  Respondents have filed a response arguing that the Court lacks

jurisdiction to consider petitioner's habeas petition and request for stay under the REAL ID Act

of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). (Dkt. No. 6.)

For the reasons set forth below, the Court recommends that petitioner's request for stay of removal be DENIED, and that this matter be DISMISSED with prejudice.

## II.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of El Salvador who entered the United States without inspection on or about April 15, 1994.  (Administrative Record "AR" at A2, A7.)  On May 3, 1994, he applied for asylum by filing a Request for Asylum in the United States with the former Immigration and Naturalization Service ("INS").[1]  (AR A217-21.)  On August 31, 1998, the INS found petitioner's claim not credible and referred his case to an Immigration Judge ("IJ").  (A226-30.)  Petitioner was personally served with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), for being present in the United States without being admitted or paroled.  (AR A231-32.)

On January 13, 1999, petitioner appeared for a master calendar hearing and was represented by pro bono counsel who requested a continuance to allow petitioner to seek legal counsel to represent him at his next scheduled hearing.  (AR A248.)  Petitioner was personally served with a Notice of Hearing in Removal Proceedings, indicating that his next master calendar hearing was scheduled for June 2, 1999, at 1:00 p.m.  (AR A234.)  On June 2, 1999, however, petitioner failed to appear at his scheduled hearing and the IJ ordered him removed *in absentia*.  (AR L5.)  On June 10, 1999, petitioner filed a motion to reopen with the IJ, arguing that he "was not advised of any future interview before the service," and "did not receive any notice advising [him] of any interview before your service."  (AR A237-38.)  On June 22, 1999,

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. §§ 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

REPORT AND RECOMMENDATION - 2

the IJ denied petitioner's motion to reopen, noting that petitioner had personally appeared with pro bono counsel on January 13, 1999, and was personally served with a hearing notice for June 2, 1999.  (AR A248-49.)  On July 26, 1999, petitioner filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"), which denied the appeal as untimely on August 31, 1999.  (AR L9.)  Petitioner did not appeal the BIA's decision.

On March 4, 2010, petitioner was arrested at his place of employment and taken into ICE custody.  (AR R20-22.)  On March 9, 2010, petitioner, proceeding through counsel, filed the instant habeas petition along with an emergency request for a stay of removal, indicating that his removal to El Salvador was imminent.  (Dkt. No. 1.)  Accordingly, the Court issued an Order granting a temporary stay of removal and ordering respondents to file a response to petitioner's request for stay within fifteen days.  (Dkt. No. 3.)  On March 25, 2010, respondents filed a response to petitioner's request for stay of removal, along with a certified copy of the Administrative Record.  (Dkt. Nos. 6 and 7.)

III.    DISCUSSION

Petitioner argues, or at least asserts, that the IJ violated his due process rights by failing to advise him of the date of his immigration hearing or of his right to retain counsel in removal proceedings.  (Dkt. No. 4 at 3-5.)  Petitioner also asserts that he may be eligible to adjust his status based on his United States citizen child.  *Id*. at 3.  He asks this Court to "[e]nter an EMERGENCY STAY and enjoin Respondents from effecting the deportation of Petitioner," and "[o]rder that Respondents join in Petitioner's efforts to reopen the removal proceedings on the basis of his application for adjustment of status to permanent residence . . . ."  (Dkt. 4 at 5.)  Respondents respond that the Court lacks jurisdiction to grant such relief under the REAL ID Act.  (Dkt. No. 6.)  The Court agrees with respondents that it lacks jurisdiction.

REPORT AND RECOMMENDATION - 3

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), amended the judicial review provisions of the Immigration and Nationality Act to explicitly provide that judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals, and that the district courts no longer have jurisdiction to review such orders.  This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, is to file a Petition for Review with the appropriate court of appeals.  *See* 8 U.S.C. § 1252(a)(5)("A petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"); *Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007)("After the REAL ID Act . . . the district court plainly lacked habeas jurisdiction"); *see also* 8 U.S.C. § 1252(g)("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").  Pursuant to the REAL ID Act, constitutional claims or questions of law, that were historically reviewed under habeas corpus, now require review in the circuit courts of appeal.  *See* 8 U.S.C. § 1252(a)(2)(d); *see Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005), *adopted by* 466 F.3d 1121, 1124 (9th Cir. 2006)(en banc).

Here, the petition asserts due process violations of petitioner's rights under United States laws and the Constitution.  *Id*.  Notwithstanding the fact that petitioner's due process allegations are *not* supported by the Administrative Record, the Court plainly lacks jurisdiction to correct such errors under the REAL ID Act.  Because this Court lacks jurisdiction to consider

petitioner's petition, it is similarly without jurisdiction to issue a stay of removal.  The Circuit Court is the proper forum for such claims and, thus for any injunctive relief associated with such claims.  The fact that petitioner was denied relief by the Immigration Court does not alter the fact that this Court lacks jurisdiction to entertain petitioner's petition and request for a stay of removal.

IV.    CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DISMISSED with prejudice, petitioner's request for stay of removal be DENIED, and the previous temporary stay of removal issued by the Court be VACATED.  A proposed order accompanies this Report and Recommendation.

DATED this 31st day of March, 2010.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5